## SHAW v. ANDREWS & HILLER.

When the defendants employed the plaintiff to superintend the erection of a building, of which he was one of the contractors, they cannot plead that it is against public policy that he should occupy two positions of which the interests were in conflict, in defence of an action brought by him for services as superintendent.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

This suit was brought to recover the sum of $1,150, for services of plaintiff, as an architect, in superintending the erection of a building for defendants.

The defendants, among other things, allege, that on the first day of August, 1855, they contracted with plaintiff, Chesley, and Leavitt, to erect said building, and that on November 29th of the same year they had a final settlement with said firm, and paid them in full. The case was tried before a jury, and verdict and judgment for plaintiff for $750. At the close of the evidence, defendants asked the Court to instruct the jury " that if they believe, from the evidence, that plaintiff was a joint-contractor with Chesley and Leavitt, for the erection of the building, then it would be against public policy that plaintiff should be the sperintendent of the same building, and any contract for such superintendence, if proved, was void;" which instruction the Court refused to give, and defendants excepted and appealed to this Court.

*Thomas Sunderland* for Appellants.

The duties of a superintendent, and the interest of a contractor, are in direct conflict. It is the interest of the contractor to evade, in all possible ways, the conditions of a stringent contract. On the other hand, it is the duty of a superintendent to see that the contract, on the part of the contractor, is strictly complied with. The superintendent is the agent of the proprietor or owner. It is not possible for him, as agent of his principal, to deal with himself, nor can he, as agent, order and direct himself, as contractor.

The law forbids an agent to buy of himself, for his principal, because it is his interest to sell at the highest price ; it is the interest of the principal to buy at the lowest price. The temptation to commit fraud is too great. The same principle will apply to the case at bar.

*W. S. Long* for Respondent.

We are at a loss to imagine upon what grounds it can be contended, that it is against public policy for the owner of a build-

ing to employ one of the contractors as superintendent. If the owner thinks proper to employ one of the contractors in this capacity, it is his right, and if any injury arises, he alone suffers.

TERRY, C. J., delivered the opinion of the Court—BURNETT, J., concurring.

This is an action to recover the value of the plaintiff's services as superintendent of a building erected by defendants.

Two points are presented upon appeal: first, that the verdict is not sustained by the evidence; second, that the Court erred in refusing to instruct the jury " that plaintiff, being one of the contractors for the erection of the building, it would be against public policy to allow him to act as superintendent of the same building; and any contract made with him by such superintendent was void."

There was no error in refusing this instruction; it may be true that the duties of superintendent are, in some respects, in conflict with the interest of the contractor; but certainly, if the defendants, with a full knowledge of his position, chose to employ the plaintiff, and to rely on his good faith and honesty for the discharge of his duties, there is no reason that he should not receive the value of his services, especially as there is no pretence that his duties as superintendent were not faithfully and satisfactorily performed.

Upon the other point, we have frequently ruled that we would not interfere with the finding of a jury upon questions of fact, when there was any evidence to sustain it.

Judgment affirmed.